■ In the Matter of PEDRO ALVARADO et al., Petitioners, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [699 NYS2d 362] —Determination of respondent New York State Division of Housing and Com-

munity Renewal (DHCR) dated August 12, 1998, terminating a finding of harassment dated March 14, 1988 made against a prior owner of the subject rent-stabilized/rent-controlled building, and restoring the rights of respondent new building owner under the rent laws and regulations, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Jane Solomon, J.], entered April 9, 1999) dismissed, without costs.

Respondent DHCR's determination that conditions of harassment no longer exist in the premises, notwithstanding some lapses in respondent owner's maintenance of services in a few minor areas, is supported by substantial evidence (see, *Matter of 36th & Second Tenants Assn. v New York State Div. of Hous. & Community Renewal*, 249 AD2d 101, *lv denied* 92 NY2d 812). We see no basis to disturb DHCR's credibility findings resolving conflicting testimony as to present conditions in the building in favor of the owner (see, *Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). Petitioner tenants' additional claim that the owner violated the harassment order by collecting increased rents pursuant to a successful application to raise the maximum base rent for certain apartments (see, Rent Stabilization Code [9 NYCRR] § 2526.2 [d]) was properly rejected, without prejudice, on the ground that such claim should be raised in an overcharge proceeding, rather than the instant proceeding, which, as limited by the notice of hearing, was confined to whether the conduct underlying the harassment order had ceased. Concur—Lerner, J. P., Saxe, Buckley and Friedman, JJ.